**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Cr. No. C-05-643 |
| | § | |
| MIGUEL RUIZ, JR. | § | |
| Defendant. | § | |

**ORDER DENYING WITHOUT PREJUDICE LETTER MOTION**

Pending before the Court is Defendant Miguel Ruiz, Jr.'s ("Ruiz") letter motion asking for "help" from the Court with regard to his case.  (D.E. 114.)  In it, he complains that he was not guilty of the allegations against him in his criminal case.  He also contends that several persons lied when they debriefed against him and alleges that those individuals were coached into doing so by their court-appointed counsel, Assistant Federal Public Defender Jason Libby.  He further appears to be claiming that his own counsel during the rearraignment, John Gilmore, was constitutionally ineffective and that his appellate counsel, Reynaldo Pena, was also ineffective.  He requests that the Court help him to appeal his sentence, to "fight the relevant conduct" and also to "fight the enhancement." (D.E.114 at 3.)  The Clerk has docketed the document simply as a letter.

Ruiz pleaded guilty to Count 1s of the superseding indictment against him.  (D.E. 81.) There was no written plea agreement.  (<u>Id.</u>)  He was sentenced on November 3, 2006. (D.E. 96.) Final judgment was entered against him on November 29, 2006. (D.E. 99.)  He timely appealed (D.E. 97), and the Fifth Circuit affirmed in a per curiam opinion issued on October 25, 2007.  (D.E. 112.) According to the Fifth Circuit docket sheet, he has not yet filed a petition for writ of certiorari.

(See generally docket sheet in United States v. Ruiz, No. 06-41692 (5th Cir.).)[1]  He has not filed any other post-conviction motions, aside from the letter motion now before the Court.

Although Ruiz's letter requests the Court's "help," he does not specify the procedural mechanism or statute pursuant to which he seeks relief.  It is clear, however, that claims of wrongful conviction and ineffective assistance of counsel are the types of claims that would typically be asserted in a § 2255 motion.  Nowhere does Ruiz reference § 2255, however.  Particularly in light of the Supreme Court's decision in Castro v. United States, 540 U.S. 375 (2003), the Court declines to construe his letter as a § 2255 motion.  Cf. Castro, 540 U.S. at 382-83 (if a district court recharacterizes a post-conviction motion as a § 2255 motion and fails to provide adequate notice and warning to the defendant of the consequences of the recharacterization, then the motion is not a first petition for purposes of applying to later motions the restrictions on "second or successive" § 2255 motions).  The Clerk is directed, however, to send the appropriate forms to Ruiz for filing such a motion.

Pursuant to the directives of Castro, Ruiz is advised that if he files a § 2255 motion asserting a claim of ineffective assistance of counsel, he may be prohibited from asserting additional § 2255 claims in the future and from filing any subsequent § 2255 motion.  See 28 U.S.C. § 2255 (prohibiting the filing of a "second or successive motion" unless certain procedural steps are taken and certain prerequisites are met).  That is, before he will be permitted to file a second or successive § 2255 motion before the district court, Ruiz will be required to seek, and acquire, the approval of the Fifth Circuit and will have to establish certain grounds in order to obtain that approval.[2]  See

---

[1]  The Court notes, however, that the deadline for doing so has not yet expired.

[2]  The pertinent portion of § 2255 states:

A second or successive motion must be certified as provided in section 2244 by a panel

Tolliver v. Dobre, 211 F.3d 876, 877 (5th Cir. 2000); 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."); United States v. Orozco-Ramirez, 211 F.3d 862 (5th Cir. 2000) (discussing what constitutes a second or successive claim where a defendant's first § 2255 results in an out-of-time appeal). Thus, any and all claims that Ruiz wishes the Court to consider should be asserted in any § 2255 motion he files.

**CONCLUSION**

For the foregoing reasons, Ruiz's letter motion, to the extent it requests relief from this Court, is DENIED WITHOUT PREJUDICE. Additionally, the Clerk is directed to send blank § 2255 forms to Ruiz.

ORDERED this 12th day of December, 2007.

Janis Graham Jack
United States District Judge

---

of the appropriate court of appeals to contain –

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255.