**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff-Respondent, | § | |
| | § | |
| v. | § | Cr. No. C-05-643 (2) |
| | § | C.A. No. C-08-77 |
| MIGUEL RUIZ, JR., | § | |
| Defendant-Movant. | § | |

**ORDER**

**I. BACKGROUND**

By Order entered November 14, 2008, this Court denied Miguel Ruiz, Jr.'s motion to vacate his sentence pursuant to 28 U.S.C. § 2255. (D.E. 140, denying D.E. 116 & 117.) Final judgment was entered the same date. (D.E. 141.) Ruiz did not appeal. Instead, on December 5, 2008, the Clerk received from Ruiz two documents. The first is titled as a "Motion to Amend Judgment." (D.E. 143.) The second is an amended motion under 28 U.S.C. § 2255. (D.E. 143.)

In his motion to amend, Ruiz acknowledges that the Court has already denied his § 2255 motion. He argues, however, that the Court should alter or amend its judgment pursuant to Fed. R. Civ. P .60(b), re-open these proceedings and allow him to file his amended § 2255 motion. In support of his request, he argues that his filings have demonstrated his lack of understanding and his inability to express his claims adequately and clearly to the Court. He alleges that he incapable of preparing legal documents "unassisted." According to him, this inability stems from his being a slow learner with ADHD (as allegedly evidenced by his school records and his current enrollment in special education), a "birth defect that resulted in the left side of his brain being non-functional," and a "limited ability to understand complex thought processes." (D.E. 143 at 3.)

1

Ruiz also refers repeatedly to the Court's prior order denying his first § 2255 motion and argues that the Court had to "guess" at what his § 2255 claims were. This, he contends, is further evidence that he is incapable of prosecuting his § 2255 motion on his own. He explains that he now has the help of "trained legal assistants" within the prison, who assisted him with the motion to amend and the amended § 2255 motion. (D.E. 143 at 9-10.)

For the reasons set forth herein, Ruiz's motion to amend, to the extent it can be construed as a motion to reconsider, is DENIED. Additionally, his "amended" § 2255 motion is second or successive and not properly before the Court. It is therefore DISMISSED WITHOUT PREJUDICE.

## II. ANALYSIS

### A.  Characterization of Motions

Ruiz's two motions (his "Motion to Amend" and amended § 2255 motion) must be considered together because his motion to amend requests the amendment of the judgment in his § 2255 proceeding so that he may file the amended § 2255 motion. As Ruiz acknowledges in his motion to amend (D.E. 143 at 2), however, once final judgment on the pleadings has been entered, as is the case here, an amendment is permitted only if judgment on the pleadings is vacated. See Dussouy v. Gulf Coast Inv. Corp., 660 F.2d 594, 597 n.1 (5th Cir. 1981). Accordingly, leave to amend may be granted in this case only if the Court finds that Ruiz is entitled to relief under Rule 59 or 60 of the Federal Rules of Civil Procedure. Because it was filed more than ten days after entry of the judgment, Rule 59 of the Federal Rules of Civil Procedure cannot be used as the basis for his motion. Fletcher v. Apfel, 210 F.3d 510, 511 (5th Cir. 2000); Bass v. Department of Agriculture, 211 F.3d 959, 962 (5th Cir. 2000). Accordingly, Ruiz must be seeking relief under Rule 60(b), Fed. R. Civ. P.

**B.     Rule 60(b) Motion as a Second or Successive § 2255 Motion**

When a Rule 60(b) motion is filed in § 2255 proceedings, the Court must determine whether that motion is the equivalent of a successive § 2255. In Gonzalez v. Crosby, 545 U.S. 524 (2005), the Supreme Court instructed that a Rule 60(b) motion is not the equivalent of a successive habeas petition motion if it attacks some defect in the integrity of the federal habeas proceedings, rather than the substance of the federal court's resolution of a claim on the merits. 545 U.S. at 532.[1]

In this case, Ruiz's recently-filed motions clearly are attempting to raise substantive claims before the Court that either were already raised in his § 2255 proceedings or are new claims challenging his underlying conviction and sentence  Additionally, although at first blush his claim that his mental deficits hampered his ability to adequately present his claims to this Court might *appear* to be a challenge to the integrity of the § 2255 proceedings, the Supreme Court has held otherwise. The Gonzalez Court noted that "an attack based on the movant's own conduct, or his habeas counsel's omissions ... ordinarily does not go to the integrity of the proceedings." Id. at 532 n.5. In this case, Ruiz is essentially claiming that, because of his own mental deficiencies, he failed to set forth his claims convincingly to this Court. Again, that is an argument in support of claims previously denied. See Gonzalez, 545 U.S. at 531.

Because Ruiz is challenging his underlying conviction and the Court's resolution of the claims raised in his prior § 2255 motion, his motion is a successive § 2255 motion. Gonzalez, 545 U.S. at 532; see also United States v. Orozco-Ramirez, 211 F.3d 862, 867 (5th Cir. 2000) (a

---

[1] The Supreme Court specifically held that its ruling in Gonzalez was limited to petitions under 28 U.S.C. § 2254, but courts that have considered the issue have applied the holding to Section 2255 motions as well. See, e.g., In re Nailor, 487 F.3d 1018 (6th Cir. 2007); United States v. Nelson, 465 F.3d 1145 (10th Cir. 2006); United States v. Scott, 414 F.3d 815 (7th Cir. 2005); United States v. Terrell, 141 Fed. Appx. 849, 2005 WL 1672122 (11th Cir. 2005).

subsequent § 2255 motion is "second or successive" when it raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition)

Notably, where a claim is second or successive, the movant is required to seek, and acquire, the approval of the Fifth Circuit before filing a second § 2255 motion before this Court. See Tolliver v. Dobre, 211 F.3d 876, 877 (5th Cir. 2000); 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). Ruiz's motion does not indicate that he has sought or obtained such permission. Until he does so, this Court does not have jurisdiction over any claims that either were or could have been brought in his first § 2255 motion. Accordingly, Ruiz's motion to amend and amended § 2255 motion are both dismissed without prejudice.

Even if the Court were to construe Ruiz's motion as a Rule 60(b) motion, moreover, he has not stated grounds entitling him to relief. Rule 60(b) provides that, on motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect, (2) newly discovered evidence, (3) misconduct of adverse party, (4) void judgment, (5) judgment satisfied, or (6) any other reason justifying relief from the operation of the judgment. Fed. R. Civ. P. 60(b). Motions under Rule 60(b) are directed to the sound discretion of the district court. Crutcher v. Aetna Life Ins. Co., 746 F.2d 1076, 1082 (5th Cir. 1984).

Ruiz's motion does not allege any facts that entitle him to relief under any of the grounds listed in Rule 60(b), and the Court concludes that his claim of mental disability is not a reason

justifying relief from the judgment under 60(b)(6). Accordingly, his motion to amend judgment, to the extent it can be construed as a Rule 60(b) motion, is DENIED.

**C.      Certificate of Appealability**

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253 (c)(1)(A). Moreover, a COA "may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 123 S. Ct. 1029, 1039 (2003). Although Ruiz has not yet filed a notice of appeal, this Court nonetheless addresses the determination of whether he would be entitled to a COA. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (it is appropriate for district court to address *sua sponte* issue of whether a COA should be granted or denied).

To warrant a grant of the certificate as to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (emphasis added); see also United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (applying Slack to COA determination in context of § 2255 proceedings).

It is unnecessary for the Court to address whether Ruiz' motion states a valid claim of the denial of a constitutional right, because he cannot establish the second Slack criteria. That is, the Court concludes that reasonable jurists could not debate the denial of his § 2255 motion on

procedural grounds.  Under the plain record of this case, his motion is barred because it is second or successive.

### III.  CONCLUSION

For the foregoing reasons, Ruiz's motion to amend judgment, to the extent it can be construed as a Rule 60(b) motion (D.E. 143), is DENIED.  To the extent it and his amended § 2255 motion are properly construed as a second or successive § 2255 motion (D.E. 142, 143), they are DISMISSED WITHOUT PREJUDICE.  Finally, Ruiz is DENIED a Certificate of Appealability.

It is so ORDERED this 29th day of December, 2008.

_____
Janis Graham Jack
United States District Judge