IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|     Plaintiff-Respondent, | § | |
| | § | |
| v. | § | Cr. No. C-05-643 (2) |
| | § | C.A. No. C-08-77 |
| MIGUEL RUIZ, JR., | § | |
|     Defendant-Movant. | § | |

**ORDER DENYING AS MOOT MOTION FOR EXTENSION
OF TIME TO PAY APPELLATE FILING FEE,
ORDER GRANTING MOTION FOR EXTENSION
OF TIME TO FILE *IN FORMA PAUPERIS* AFFIDAVIT,
ORDER DENYING CERTIFICATE OF APPEALABILITY,
AND ORDER DENYING WITHOUT PREJUDICE
MOTION FOR COURT TO TAKE JUDICIAL NOTICE**

By Order entered November 14, 2008, the Court denied Miguel Ruiz, Jr's ("Ruiz") motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (D.E. 140.) Final judgment was entered the same day. (D.E. 141.) Shortly thereafter, Ruiz filed an amended motion to vacate with a motion to amend, both of which the Court denied. (D.E. 142-144.) Final judgment denying his amended § 2255 motion was entered December 29, 2008. (D.E. 145.) Both the Court's November 14, 2008 order and its subsequent order denying his amended motion also denied him a Certificate of Appealability.

On January 16, 2009, the Clerk received from Ruiz two different Notices of Appeal. The first appealed from the December 29, 2008 order and final judgment (D.E. 146). The second appealed from the Court's November 14, 2008 order and final judgment (D.E. 147.) Both Notices were assigned the same case number by the Fifth Circuit, 09-40076. (D.E. 150, 151.)

The Court now has before it a number of motions filed by Ruiz relating to his appeal, all of which are addressed herein.  The pending motions are:

1. a motion for extension of time to pay the filing fee (D.E. 149);

2. a motion for extension of time to file a motion to proceed *in forma pauperis* (D.E. 155);

3. a motion for Certificate of Appealability (D.E. 152);  and

4. a motion for the Court to take judicial notice of the fact that his place of incarceration is currently on lockdown status (D.E. 154).

**I.       MOTIONS FOR EXTENSION**

Ruiz has filed two motions seeking an extension of time to either pay the filing fee or to file a motion to proceed *in forma pauperis*.  Several days before the Clerk's receipt of these motions, however, an individual named Blanca Ruiz Garza paid the full appellate filing fee of $455.  (See February 19, 2009 docket entry referencing payment of filing fees.)  Accordingly, Ruiz's appellate filing fee has been paid.  His motion for extension of time to pay the filing fee (D.E. 149) is therefore DENIED AS MOOT.

Ruiz's motion for an extension of time to file a motion to proceed *in forma pauperis* on appeal (D.E. 155), however, is GRANTED.  The Clerk is directed to sent to Ruiz a blank *in forma pauperis* application.  Ruiz shall fully complete the information, ***including*** information from the institution where he is incarcerated certifying the balance in his inmate trust account and showing the average balance during the six months preceding his application.  Ruiz's completed *in forma pauperis*  application shall be filed not later than thirty days after the entry of this Order.

## II.     MOTION FOR CERTIFICATE OF APPEALABILITY

The Court has already denied Ruiz a Certificate of Appealability as to both § 2255 motions. (See D.E. 140; 142.) For the reasons set forth in those orders, his motion for a COA (D.E. 152) is DENIED. The Court advises Ruiz, however, that he may request the issuance of a COA from a circuit court of appeals judge. Fed. R. App. P. 22(b). If he does not expressly make such a request for a COA, the notice of appeal shall be deemed to constitute a request addressed to the judges of the Fifth Circuit. Id.

## III.    MOTION FOR COURT TO TAKE JUDICIAL NOTICE

The final motion pending before the Court is Ruiz's "Motion for the Court to Take Judicial Notice." (D.E. 154.) In it, he asks that the Court take judicial notice of the fact that his current place of incarceration is on lockdown. He alleges that, under total lockdown status, the law library and copy machine are not accessible to any prisoners. He also asks for a "stay" of the proceedings related to his application for COA. He basically complains that the lockdown status has prevented him from complying with the rules concerning the payment of his appellate filing fee and his application for a COA.

Although Ruiz's motion for judicial notice was signed on February 11, 2009, it was in an envelope with a February 20, 2009 postmark and was received by the Clerk on February 23, 2009. As noted above, Ruiz's appellate filing fee has now been paid, so all issues relating to the payment of that fee are now moot. Also, although Ruiz requests a "stay" of his "COA proceedings," he has already submitted to the Court a request for a COA and a six-page supporting memorandum including legal authority. Thus, the lockdown has not prevented him at this point from requesting a COA. Moreover, the Court has ruled on the motion for a COA in this Order. The Court is thus

3

unsure what purpose would be served by it taking judicial notice of the lockdown status of USP Coleman, or what relief would result to Ruiz. Accordingly, his motion for judicial notice (D.E. 154) is DENIED WITHOUT PREJUDICE.

It is so ORDERED this 24th day of February, 2009.

_____
Janis Graham Jack
United States District Judge