UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. C-05-643-2 |
| | § | (CIVIL ACTION NO. C-08-77) |
| MIGUEL RUIZ JR. | § | |

**ORDER DISMISSING MOTION TO REOPEN SENTENCE PURSUANT
TO LAW OF THE CASE DOCTRINE**

### I. BACKGROUND

Miguel Ruiz, Jr. ("Ruiz") pleaded guilty to Count 1 of the superseding indictment charging him with possession with intent to distribute a controlled substance, *i.e.*, 4.83 kilograms of cocaine. D.E. 81, 96, 99. Count 2 was dismissed on the Government's motion. D.E. 82, 86. Ruiz was sentenced based upon a base Guideline calculation of 32 and a criminal history calculation of VI resulting in a Guideline range of 210-262 months. He was sentenced to 210 months imprisonment. D.E. 99. Ruiz appealed his sentence; the Fifth Circuit affirmed. D.E. 112.

Ruiz subsequently filed a section 2255 motion challenging his sentence on multiple grounds. D.E. 116, 117, 118. By Order entered November 14, 2008 (D.E. 140), the Court denied Ruiz' motion to vacate, set aside, or correct sentence.[1] Final judgment was entered on the same date. After Judgment, Ruiz filed an Amended Motion to Vacate and a Motion to Amend Final Judgment. D.E. 142, 143. The motions were denied to the extent they were construed as a Rule 60(b) motion and to the extent they were construed as second or successive motions, they were dismissed. D.E. 144. Final Judgment was again entered. Ruiz then filed Notices of Appeal from both Final Judgments, and requested a Certificate of Appealability. D.E. 146, 147, 152. After

---

[1] Docket entry references are to the criminal case.

addressing numerous procedural issues, granting a certificate of appealability on the district court's denial of Ruiz' motion pursuant to Rule 59(e) of the Federal Rules of Civil Procedure and the denial of his motion to amend his section 2255 motion, the Fifth Circuit affirmed the judgment. D.E. 175.

Four years after his guilty plea, after direct appeal, denial of his initial 2255 motion; and its subsequent appeal, Ruiz filed a Motion to Reopen Sentence Pursuant to Law of the Case Doctrine, claiming that the evidence to support enhancing his sentence was insufficient. D.E. 176. The Court concludes that it is not necessary to order a government response to Ruiz' recent motion because "it plainly appears from the motion . . . and the record of prior proceedings that the moving party is not entitled to relief." Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS. Ruiz' motion is subject to dismissal because his claim constitutes a second or successive § 2255 motion and he has not obtained the requisite permission from the Fifth Circuit to file it in this Court. Absent such permission, this Court is without authority to address this claim.

## II. DISCUSSION

**A.    Second or Successive § 2255 Motions**

In pertinent part, 28 U.S.C. § 2255(h) provides:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

The Fifth Circuit has explained that a subsequent § 2255 motion is "second or successive" when it:

> (1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or
>
> (2) otherwise constitutes an abuse of the writ.

United States v. Orozco-Ramirez, 211 F.3d 862, 867 (5th Cir. 2000) (internal citations and quotations omitted). The Orozco-Ramirez court noted that if the facts underlying a claim occurred before the initial § 2255 motion, and thus could have been raised in the initial motion, a movant is not entitled to assert that claim in a subsequent motion. Id. at 869. By contrast, where the facts supporting a claim arise after the filing of the initial § 2255 motion, such a claim may be filed in a subsequent § 2255 motion and will not be considered "second or successive." See Leal Garcia v. Quarterman, 573 F.3d 214, 221- (5th Cir. 2009).[2]

Notably, where a claim is second or successive, the movant is required to seek, and acquire, the approval of the Fifth Circuit before filing a second § 2255 motion before this Court. See Tolliver v. Dobre, 211 F.3d 876, 877 (5th Cir. 2000); 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court

---

[2] "If AEDPA is aimed at minimizing repeated attacks on an underlying judgment and, to that end, permits 'second or successive' petitions to be heard only via § 2244, then the small subset of permissible non-successive petitions must fit within these boundaries. When we look to the jurisprudence we find that contrasting petitions typically deemed non-successive with those typically deemed successive illuminates this middle ground. Later habeas petitions attacking the same judgment that was attacked in a prior petition tend to be labeled successive and must meet the standards for authorization under § 2244. In contrast, later habeas petitions attacking distinct judgments, administration of an inmate's sentence, a defective habeas proceeding itself, or some other species of legal error-when the error arises after the underlying conviction-tend to be deemed non-successive. In essence, if the purported defect existed, or the claim was ripe, at the time of the prior petition, the later petition is likely to be held successive even if the legal basis for the attack was not. If, however, the purported defect did not arise, or the claim did not ripen, until after the conclusion of the previous petition, the later petition based on that defect may be non-successive." Id. at 222 (internal citations omitted).

to consider the application."). Ruiz' motion does not indicate that he has sought or obtained such permission. Until he does so, this Court does not have jurisdiction over any claims that could have been brought in his first § 2255 motion. Ruiz does not address the problem of a second or successive motion, instead he titles the motion as one pursuant to the law of the case doctrine.

The current motion seeks relief on the ground that the government failed to prove that two of the several prior convictions used to consider him a career criminal were actually his convictions. See D.E. 176 at 6. First, Ruiz is factually incorrect; he was not sentenced as a career criminal.[3] Secondly, this claim should have been raised on direct appeal or appellate counsel's failure to raise the issue on direct appeal should have been part of Ruiz' initial 2255 motion.[4] Ruiz claimed numerous grounds of ineffective assistance in his original 2255 motion, but this ground was not among those raised, and Ruiz provides no explanation for his failure to raise this claim in his first § 2255 motion. Ruiz' Motion to Reopen Sentence Pursuant to Law of the Case Doctrine is treated as a successive § 2255 motion and is DISMISSED.

---

[3] "The Government did not provide the necessary linking evidence in this case, and thus did not prove beyond a reasonable doubt that Petitioner was the person named in the 1993 and 1999 convictions." Id. Ruiz contends that the evidence before this Court does not support enhancement pursuant to section 4B1.1, the Career Criminal section. At sentencing, this Court reduced the base level offense from 37 to 32, thus deleting the enhancement for a career criminal. D.E. 105 at 9. Ruiz also misstates the level of the government's burden. The burden is only a preponderance of the evidence. United States v. Harper, 448 F.3d 732, 735 & n.2 (5th Cir. 2006) ("a district court may find the facts relevant to a defendant's Guidelines calculation by a preponderance of the evidence . . .").

[4] Ruiz took advantage of the opportunity for direct appeal. The Fifth Circuit affirmed and allowed his counsel to withdraw after counsel filed an *Anders* Brief and Ruiz responded. D.E. 112.

B.    **Certificate of Appealability**

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Ruiz has not yet filed a notice of appeal, this Court nonetheless addresses whether he would be entitled to a COA. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (a district court may *sua sponte* rule on a COA because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and  argument on the very issues the court has just ruled on would be repetitious.").

A COA "may issue. . .only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits."  Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further.  United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon Slack, 529 U.S. at 483-84).

As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reasons would find it debatable whether the petition states a valid claim

of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484 (emphasis added).

The Court concludes that reasonable jurists could not debate the denial of Ruiz' motion on substantive grounds nor find that the issues presented are adequate to deserve encouragement to proceed. Miller-El, 537 U.S. at 327 (citing Slack, 529 U.S. at 484). Similarly, as to the claim that this Court has addressed on procedural grounds, the Court finds that Ruiz cannot establish at least one of the Slack criteria. Specifically, jurists of reasons would not find debatable this Court's ruling that Ruiz' claim that the evidence supporting his criminal history and any enhancement is insufficient is barred because it both fails to state a claim on which relief is cognizable under section 2255 and is second or successive. Accordingly, Ruiz is not entitled to a COA as to his claims.

### III.   CONCLUSION

For the foregoing reasons, Ruiz' motion (D.E. 176 ) is DISMISSED.  Additionally, Ruiz is DENIED a Certificate of Appealability.

SIGNED and ORDERED this 30th day of November, 2010.

_____
Janis Graham Jack
United States District Judge